IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JESSIE DAKOTA ALLEN, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| GNC HOLDINGS LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Jessie Dakota Allen, by and through undersigned counsel, and files this Complaint for Damages against Defendant GNC Holdings LLC ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, C. T. Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue" on February 5, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has

been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the ADA.

8.

Plaintiff was hired by Defendant in mid-October 2020 as a sales associate.

9.

Plaintiff suffers from a disabilities, within the meaning of the ADA, of which Defendant had actual knowledge. In particular, Plaintiff suffers from depresssion and anxiety.

10.

On December 5, 2020, Julie Kidd, Plaintiff's supervisor, texted Plaintiff about his availiabity to work.

11.

Plaintiff responded with his availability.

12.

That same day, Ms. Kidd sent texts to Plaintiff stating that Plaintiff had a lot going on with his depression and stress.

13.

Ms. Kidd then terminated Plaintiff's employmernt.

14.

Plaintiff's disability did not pose a safety issue and he was and remains able to perform the duties of the position for which he was hired, with or without a reasonable accommodation.

15.

Defendant terminated Plaintiff because of his disabilities or perceived disabilities.

16.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of his disabilities.

17.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

# CLAIM FOR RELIEF

# VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

# (ADA DISCRIMINATION)

18.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

19.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

20.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

21.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

22.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

23.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

24.

At all times relevant, Plaintiff could perform the essential functions of his position with, or without a reasonable accommodation.

25.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

26.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disabilities, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

27.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

28.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has

not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

29.

Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Special damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

This 26th day of February, 2021.

                                       **BARRETT & FARAHANY**

                                       s/V. Severin Roberts
                                       V. Severin Roberts
                                       Georgia Bar No. 940504
                                       *Attorney for Jessie Dakota Allen*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com